Henry G. VICKERS, Petitioner,

v.

SECURITIES AND EXCHANGE COM-
MISSION, Respondent.

No. 24, Docket 30610.

United States Court of Appeals
Second Circuit.

Argued Sept. 26, 1967.

Decided Oct. 3, 1967.

Clare E. Walker, New York City (Hill, Rivkins, Warburton, McGowan & Carey, New York City, of counsel), for petitioner.

Walter P. North, Washington, D. C. (Philip A. Loomis, Jr., Ellwood L. Englander, and Theodore S. Kaplan, Securities and Exchange Commission, Washington, D. C., on the brief), for respondent.

Before MOORE, SMITH, and KAUFMAN, Circuit Judges.

PER CURIAM:

In 1959, the Securities and Exchange Commission (the Commission) revoked the broker and dealer registration of the firm of Vickers Brothers of which petitioner was a 90% owner. Shortly thereafter, application for broker and dealer registration was filed for the firm of Merritt & Co. The organizers of Merritt & Co. included petitioner's brother as well as others who had been active in the Vickers Brothers firm. In its present order, the Commission has revoked the broker and dealer registration of Merritt & Co. for fraud in the offer and sale of stock of Minerals Corporation of America and found that petitioner, Henry G. Vickers, was a cause of that revocation. The Commission found, contrary to the conclusion of the hearing examiner, that petitioner was a controlling person of Merritt & Co. and that he aided and abetted its sale of the Minerals stock.

The hearing examiner concluded that petitioner was not a controlling person because he had not made any monetary investment in Merritt & Co. In its order, the Commission noted that the fact that petitioner had no financial interest in Merritt & Co. would not preclude a finding that he was a controlling person. The term "control" or "controlling" is defined by Rule 17 C.F.R. 240.12b-2 under the Securities Exchange Act of 1934, as "the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise."

The Commission based its finding of control, in part, on the family and business ties between petitioner and Merritt & Co. Merritt & Co. consisted almost entirely of people formerly associated with Vickers Brothers and made use of Vickers Brothers' office and records. Petitioner frequented the Merritt & Co. office for almost a year after Vickers Brothers registration had been revoked and during that time did little to disassociate himself from the new firm. Petitioner also attended and participated in sales meetings for Merritt & Co. personnel held to discuss Minerals stock. At times, petitioner gave quotations for Minerals stock to one of the Merritt & Co. traders.

Under the circumstances, it cannot be said that there was not substantial evidence to support the Commission's finding that petitioner was one of the persons in control of Merritt & Co. We are not free to weigh the evidence ourselves merely because the Commission differed with the hearing examiner on the conclusions to be drawn from the facts. Puerto Rico Drydock & Marine Terminals, Inc. v. N. L. R. B., 109 U.S. App.D.C. 78, 284 F.2d 212, cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104 (1960).

The order is affirmed.