Paul **WALKER**, Petitioner,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent.

No. 23, Docket 30628.

United States Court of Appeals Second Circuit.

Argued Sept. 26, 1967.

Decided Oct. 3, 1967.

Morris Winter, New York City, for petitioner.

**345**

Walter P. North, Washington, D. C. (Philip A. Loomis, Jr., Ellwood L. Englander, and Theodore S. Kaplan, Securities and Exchange Commission, Washington, D. C., on the brief), for respondent.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

This case arises out of the same order that was the subject matter of our decision in Vickers v. Securities and Exchange Commission, 383 F.2d 343 (2d Cir. 1967), decided this same day. The Securities and Exchange Commission (the Commission) revoked the broker and dealer registration of Merritt & Co. for fraud in the offer and sale of Mineral Corporation of America stock and found that petitioner was a cause of that revocation.

The Commission found that Merritt & Co.'s "boiler room" campaign to sell Minerals stock took place from June 1959 until December 1960. Petitioner was employed by Merritt & Co. as a salesman from March until May of 1960.

The finding that petitioner was involved in the sales campaign is derived primarily from the testimony of Charles W. Willauer, Jr. Willauer was unclear as to which of Merritt & Co.'s salesmen sold him the Minerals stock, but the confirmation slip of the sale to Willauer was marked with a "W" where the initials of the salesman making the sale were customarily placed. At the time, there was no other salesman in the office whose name began with "W" other than Walker. Willauer was sure, however, that someone who identified himself as petitioner spoke to him over the telephone and urged him to buy more Minerals stock using statements that were found to be violative of the antifraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a).

Petitioner himself testified that he had made sales of Minerals stock by reading sales literature given to him.

The hearing examiner concluded that petitioner "blindly accepted whatever literature he received and made no attempt to analyze it." The Commission is justified in holding a securities salesman chargeable with knowledge of the contents of sales literature. He cannot avoid his duty to the public by blindly relying on his employer's brochures. Berko v. Securities and Exchange Commission, 316 F.2d 137 (2d Cir. 1963).

Under the circumstances, the finding of the Commission is supported by substantial evidence.

The order is affirmed.